**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH DAVID ROBERTS, | No. 10-35512 |
| Plaintiff - Appellant, | DC No. 3:09 cv 0336 KI |
| v. | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted May 5, 2011[**]
Portland, Oregon

Before:     TASHIMA, BEA, and IKUTA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

We affirm the denial of Supplemental Security Income disability benefits to Kenneth David Roberts ("Roberts").[1]

1.      While the ALJ may have erred by failing to mention the treatment notes of Drs. Coelho, Parvin, and Saunders, *see Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995), any such error was harmless and therefore does not justify reversal. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). The numbness and tingling in Roberts' hands described in Dr. Coelho's notes is not a major factor in his application for benefits, which is based more on his reports of debilitating pain and inability to grip. The ALJ did in fact consider Dr. Coelho's observation that steroid injections did not fully relieve Roberts' symptoms, and that observation also was directly contradicted by Dr. Parvin's treatment notes from November 8, 2005. Dr. Parvin's discussion of Roberts' capacity is highly equivocal and suggests that he actually believed that Roberts was able to work. Finally, Dr. Saunders' instructions to rest with no bending or lifting were clearly intended as short-term guidance only.

2.      The ALJ discounted nurse practitioner Guthridge's opinion because it was contradicted by other medical evidence in the record and appeared to be

---

[1]      We address in a concurrently filed opinion Roberts' contention that his waiver of his right to representation at his hearing before the ALJ was deficient.

based largely on Roberts' own subjective account of his symptoms. These are germane reasons for declining to credit her opinion. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

3.      The ALJ provided clear and convincing reasons for rejecting Roberts' statements concerning his symptoms. *See id.* at 693. Roberts' statements in September of 2006 that he could lift thirty pounds contradict his other statements about his capacities. His ability to care for himself and two dogs and engage in other daily activities also belies his claims about the severity of his symptoms.

4.      The ALJ's failure to mention the report completed by Michael Grogan was harmless. Grogan's report focused largely on Roberts' economic condition, not his physical condition, and also appeared to be based largely on Roberts' own testimony, which the ALJ found not credible.     .

**AFFIRMED.**